

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-1154
Re: Construction of H.B. No. 934,
46th Legislature requiring supple-
mental franchise tax.

We are in receipt of your letter of July 19, 1939, in which you request the opinion of this Department upon the following questions:

"1. Can the Secretary of State collect a supplemental franchise tax under House Bill No. 934 where a consolidation of corporations increases the taxable capital of the proposed corporation over the combined taxable capital of the corporations consolidating?

"2. Do the provisions of Section 3 render House Bill No. 934 void in its entirety?"

Section 3 of House Bill No. 934, 46th Legislature, provides as follows:

"Sec. 3. In the event said consolidation of such corporations shall not increase the taxable capital over the combined amount of the taxable capital as set out in Article 7084, as amended, of the corporations so consolidated and upon which a franchise tax has been duly paid by said corporations to the Secretary of State for the current year, then in such event no further franchise tax shall be payable until the next regular payment date, as provided in Title 122, Chapter 3, of the Revised Civil Statutes of Texas of 1925, but in the event that said consolidation of such corporations as provided in Sections 1 and 2 of this

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Tom L. Beauchamp, Page 2

Act shall provide for an increase in the taxable capital of the proposed corporation over the combined taxable capital of the corporations so consolidated upon which franchise tax had been already duly paid for the current year by such corporations, then in such event, upon the approval of said consolidation by the Secretary of State, a supplemental franchise tax shall be paid by said corporation as required in Article 7090 of the Revised Civil Statutes of Texas of 1925, in the case of an increase in the taxable capital of any domestic or foreign corporation."

As pointed out by you in your letter, Article 7090, Revised Civil Statutes, 1925, was expressly repealed by Acts of 1930, 41st Legislature, 5th Called Session, p. 220, Ch. 68, Sec. 1. Prior to its repeal, Article 7090 provided as follows:

"In the event of increase in the authorized capital stock of any domestic or foreign corporation, it shall also pay in advance a supplemental franchise tax thereon for the remainder of the year down to and including the thirtieth day of April next thereafter, the amount of which shall be determined as is provided in the third article of this chapter in case of the first franchise tax payment to be made by a domestic corporation which may be hereafter authorized to do business within this State."

A valid express repeal abrogates, destroys or supersedes the act or provision against which it is directed. Thereafter the statute repealed is considered as though it had never existed, except as to transactions passed and closed. 39 Tex. Jur. 153.

Prior to the enactment of House Bill No. 934, it was ruled by this Department in Opinion No. O-764, addressed to the Honorable Tom L. Beauchamp, Secretary of State, that the Secretary of State is not authorized to collect a supplemental franchise tax on domestic corporations for the fractional part of the year remaining when such corporations increase their taxable capital by charter amend-

647

"No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."

It is well established that a valid existing statute may be incorporated in an act by reference to its title and the effect of such adoption is to re-enact the prior statute to which reference is made. Quinlan vs. Houston & T. C. Ry. Co. (Sup. Ct. 1896) 34 S. W. 738; Dallas County Levee District No. 2 vs. Looney (Sup. Ct., 1918) 207 S. W. 310; Dallas County Levee Improvement District No. 6 vs. Curtis (T.C.A. 1936) 287 S. W. 301; Trimmer vs. Carlton (Sup. Ct. 1927) 296 S. W. 1070. In each of these cases, however, the "reference statute" was a valid existing statute at the time of its adoption by the subsequent enactment.

In Quinlan vs. Houston & T. C. Ry. Co. supra, the contention was made that the statute adopted by reference had expired by its own limitation and for that reason the section of the act making the reference was inoperative. Although it was held that the "reference statute" had not expired for all purposes, Chief Justice Gaines pointed out a significant distinction between the present Article 3, Section 36 and the provision of 1845 and many constitutional provisions of other states in the following language:

"The constitution of 1845 contained no inhibition against the revival of statutes by reference to their title. The present constitution has a provision which corresponds to Section 25 of Article 7 of the Constitution of 1845; but that provision uses the word 'revive' instead of 'revise'. If it had been in force when the act of 1866 was passed, and if the law of 1854 had then expired, it would have presented the question whether the older law would have been revived and made applicable to the Waco Tap Railroad Company by a mere reference to its title. But, under the constitution in force when the special charter was granted, the question does not arise. In the absence of any constitutional restriction, we are of opinion that one statute, by a proper reference to another, may incorporate in it the provisions of the former law, although the former may have expired, or may have been repealed. A law so referred to in another, and made a part of it, does not operate by its inherent force, but takes effect from the statute in which it is incorporated. . . . If the statute referred to be an existing law,

Hon. Tom. L. Beauchamp, Page 4

the legislative purpose is to apply its provisions
to the subject matter of the new act. If it has expired,
or has been repealed, the purpose is to revive it and
make it applicable in the same manner. . . "

If the purpose of Section 3 of House Bill No. 934 is to
revive the repealed article 7090 by reference to its title and make
it applicable to the corporations designated in House Bill No. 934,
it is an attempt to revive a statute by reference to its title in
violation of Article 3, Section 36 of the Texas Constitution and
therefore void. If, however, the purpose of the act is not to
revive said article but is to require the payment of a supplemental
franchise tax as now required of other domestic or foreign corpora-
tions, it is of no effect since such corporations are not required
to pay a supplemental franchise tax upon increase of their taxable
capital.

Sections 1 and 2 of House Bill No. 934, 46th Legislature,
authorize the consolidation of two corporations organized under the
laws of the State of Texas for one or more of the purposes
specified in Subdivision 81 of Article 1302 of the Revised Civil
Statutes of Texas and it is provided in Section 4, the emergency
clause, that:

"The fact that there is no present provision in the
statute for the consolidation of corporations organized
for the purposes stated under Subdivision 81 of Article
1302 of the Revised Civil Statutes of Texas, 1925, and
that it is necessary for the welfare of the State that
provision be made for the consolidation of such corpora-
tions create an emergency, etc."

A well established rule of statutory construction is ex-
pressed as follows in San Antonio Independent School District vs.
State (T.C.A. 1915, writ refused), 173 S. W. 525:

". . . where part of the whole act is un-
constitutional and the remainder is constitutional, if
the two parts can be possibly separated courts should
do so, and not permit the invalid part to destroy the
whole law. If, after the elimination of the invalid
part of the law, there remains an intelligible and
valid statute capable of being placed in execution and
conforming to the general purpose and intent of the
Legislature, the law will not be destroyed, but held
to be valid and binding except as to the excised part.
. . . As said by Judge Cooley:

Hon. Tom L. Beauchamp, Page 5

"'Where therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. The constitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last fall'. Cooley Constitutional Lim. Sections 177, 178.

"That doctrine is always recognized by all courts."

See also to the same effect: White v. Farhing (T.C.A. 1919, writ refused) 212 S.W. 193; White v. Maverick County Water Control & Imp.Dist.No.1, (Com.App. 1931), 35 S.W.(2) 107; City of Dallas v. Love, (T.C.A. 1930) 23 S.W. (2d) 431; Geffert v. Yorktown Ind.School Dist. (T.C.A. 1926), 285 S.W. 345; Gerhardt v. Yorktown Ind. School Dist., (T.C.A. 1923), 252 S.W. 197.

The primary purpose of House Bill 934 appears to be to authorize the consolidation of corporations and the provision for a supplemental franchise tax, incidental thereto. The two provisions are not so inter-related and dependent, one upon the other that we can presume the Legislature would not have passed the one without the other.

It is our opinion that the Secretary of State is not authorized to collect a supplemental franchise tax under House Bill No. 934, 46th Legislature, where a consolidation of corporations increases the taxable capital of the proposed corporations over the combined taxable capital of the corporations consolidating.

We are further of the opinion that the ineffective provisions of Section 3 do not render House Bill No. 934 void in its entirety.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:N

APPROVED AUG 7, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _[signature]_
CHAIRMAN